UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS WASHINGTON,

    Plaintiff,

v.                                                 Case No. 11-CV-705

STATE OF WISCONSIN DIVISION
OF COMMUNITY CORRECTIONS
and AGENT BYRON NEAL,

    Defendants.

## ORDER

The plaintiff, who was formerly incarcerated at the Milwaukee Secure Detention Facility in Milwaukee, Wisconsin, but now resides in Pine Bluff, Arkansas, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $3.33. *See* 28 U.S.C. § 1915(b).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989);

*Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal

conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to the complaint, on April 24, 2011, the plaintiff was arrested and detained on warrants stemming from 2006. A violation of parole hold was placed on him immediately. On April 29, 2011, defendant Byron Neal, the plaintiff's parole officer, took his statement at the House of Corrections. The plaintiff did not receive a copy of the statement. Also, defendant Neal did not provide the plaintiff with a hearing within fifteen days of his detention, as required under Wisconsin state law. Although not entirely clear, it appears that the plaintiff was extradited to Arkansas, where he now resides.

The plaintiff seeks relief for violations of Wis. Stat. § 302.335,[1] the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the Wisconsin Department of Corrections, Division of Community Corrections' Operations Manual. He seeks monetary damages and injunctive relief.

An individual on parole or probation has a protectible liberty interest associated with his status as a parolee or probationer. *See Morrissey v. Brewster*, 408 U.S. 471, 482 (1972) (parole); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probation). A probationer or parolee is entitled to a preliminary and a final revocation hearing that must meet certain procedural due process standards. *Morrissey*, 408 U.S. at 485-88; *Gagnon*, 411 U.S. at 782.

With respect to the preliminary hearing, the Supreme Court has stated that the minimum requirements of due process entitled a probationer or parolee to the following: "notice that the hearing will take place and that its purpose is to determine whether there is probable cause to believe he has committed a parole violation. The notice should state what parole violations

---

[1] The Wisconsin statute provides in relevant part:

(a) The department shall begin a preliminary revocation hearing within 15 working days after the probationer, parolee or person on extended supervision is detained in the county jail, other county facility or the tribal jail. The department may extend, for cause, this deadline by not more than 5 additional working days upon written notice to the probationer, parolee or person on extended supervision and the sheriff, the tribal chief of police or other person in charge of the county facility. This paragraph does not apply under any of the following circumstances:

1. The probationerer, parolee or person on extended supervision has waived, in writing, the right to a preliminary hearing.
2. The probation, parolee or person on extended supervision has given and signed a written statement that admits the violation.
3. There has been a finding of probable cause in a felony criminal action and the probationer, parolee or person on extended supervision is bound over for trial for the same or similar conduct that is alleged to be a violation of supervision.
4. There has been an adjudication of guilt by a court for the same conduct that is alleged to be a violation of supervision.

Wis. Stat. § 302.335(1)(a) (2010).

have been alleged." *Morrissey*, 408 U.S. at 486-87; *Gagnon*, 411 U.S. at 782. The due process requirements for a final revocation include:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey*, 408 U.S. at 488-89; *Gagnon*, 411 U.S. at 782.

Construed liberally, the plaintiff alleges that defendant Neal deprived him of a preliminary hearing to which he was entitled under the Constitution and Wisconsin state law. Thus, he may proceed on a Fourteenth Amendment due process claim and the court will exercise supplemental jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(a).

However, defendant State of Wisconsin Division of Community Corrections is not a "person" for purposes of § 1983. *See Lapides v. Univ. of Ga.*, 535 U.S. 613, 617-18 (2002); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Thus, it is not a proper defendant and will be dismissed.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's second motion for leave to proceed in forma pauperis (Docket #6) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant State of Wisconsin Division of Community Corrections is **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Attorney General for service on the state defendant.

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the plaintiff shall pay the balance of the filing fee ($346.67) to the Clerk of Court.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Nancy Joseph
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 29th day of September, 2011.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge