UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARCUS WASHINGTON,<br><br>       Plaintiff,<br><br>v.<br><br>AGENT BYRON NEAL,<br><br>       Defendant. | Case No. 11-CV-705-JPS<br><br><br>ORDER |

  The plaintiff, Marcus Washington, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He alleges that his parole officer, defendant Byron Neal, failed to provide him with a preliminary hearing after his arrest and detention, in violation of the United States Constitution and Wisconsin state law. The defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which will be addressed herein.

1. Factual Background

  According to the complaint, the plaintiff is an Arkansas prisoner who was living in Wisconsin on an interstate compact at all times relevant. On April 24, 2011, the plaintiff was arrested and detained at the House of Corrections on warrants stemming from 2006. A violation of parole hold was placed on him immediately. On April 29, 2011, defendant Neal took the plaintiff's statement at the House of Corrections. The plaintiff did not receive a copy of the statement. The plaintiff "believe[s] that [he] was in substantial compliance because there was no revocation action pending or in progress in Arkansas." (Compl. at 3 ¶ 8.) He claims that the defendant violated his rights under Wis. Stat. § 302.335 and the Due Process Clause of the Fourteenth Amendment because defendant Neal did not provide him with

a notice of hearing or extension, nor did he release the plaintiff within twenty-one days. The plaintiff seeks monetary damages and injunctive relief.

United States Magistrate Judge Nancy Joseph screened the complaint under 28 U.S.C. § 1915A and found that the plaintiff alleged that defendant Neal deprived him of a preliminary hearing to which he was entitled under the Constitution and Wisconsin state law. Accordingly, the plaintiff was granted leave to proceed in forma pauperis on a Fourteenth Amendment due process claim and the court exercised supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), over the state law claim.

2. Defendant's Motion to Dismiss

On November 28, 2011, the defendant filed a motion to dismiss. He contends that the time frame for a preliminary hearing in Wis. Stat. § 302.335 did not apply to the plaintiff because he was being supervised under the Interstate Compact for Adult Offender Supervision (ICAOS). With respect to the plaintiff's due process claim, the defendant contends that a preliminary hearing was not required because the plaintiff admitted to committing acts that violated conditions of his parole in his April 29, 2011 statement to defendant Neal.

Along with their motion to dismiss, the defendant included the plaintiff's April 29, 2011 statement, which is referred to in the complaint. The defendant asserts that, in the signed statement, the plaintiff admits to numerous parole violations such as consuming alcohol, marijuana, and cocaine, and to acting in a disorderly manner while being processed at the police station on April 24, 2011. In response, the plaintiff avers that he "made up that statement for the sole purpose of being released" because defendant Neal "said if I told him what happened I would be released for that reason." (Washington Aff. at 1.) The plaintiff asserts that the statement should be

"considered as insufficient since the defendant lied to get the plaintiff to give a statement about something he did not do on April 24, 2011." (Washington Aff. at 2.)

The Federal Rules of Civil Procedure provide that if, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, the defendant contends that an authentic document mentioned in a complaint that is central to the plaintiff's claim, such as the April 29, 2011 statement, may be considered on a motion to dismiss without converting the motion into a motion for summary judgment, citing *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).

In *Tierney*, the Court of Appeals for the Seventh Circuit found that a document which a defendant attaches to a motion to dismiss is considered part of the pleadings if the document is: (1) "referred to in the complaint"; (2) "concededly authentic"; and (3) "central to the plaintiff's claim." 304 F.3d at 738. The usual example is a contract, in a suit for breach of contract. *Id.* The exception addresses the concern that were it not for the exception, a plaintiff could evade dismissal under Rule 12(b)(6) by simply failing to attach to his complaint a document that proved his claim had no merit. *Id.* (citing *Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Thus, the exception allows the defendant to submit the document to the court and the court to consider it, without need for conversion to Rule 56. *Id.* (citations omitted).

In this case, the plaintiff refers to the statement in his complaint by alleging that defendant Agent Neal "took my statement, which I never received a copy of." (Compl. ¶ 8.) The plaintiff does not challenge the

authenticity of the statement, although he does aver that certain assertions in the statement are untrue. Finally, the statement is arguably central to the plaintiff's claim.

The court is not inclined to consider the statement without converting the motion to dismiss into a motion for summary judgment because the scope of the exception is "uncertain." *See Tierney*, 304 F.3d at 739 ("perhaps [the exception] is or should be limited to cases in which the suit is on a contract or the plaintiff, if he has not attached, has at least quoted from, the document later submitted by the defendant"). In addition, the plaintiff's affidavit filed in response to the defendant's motion raises questions as to the circumstances surrounding his signing of the statement. *See id.* ("[w]hat would not be cricket would be for the defendant to submit a document in support of his Rule 12(b)(6) motion that required discovery to authenticate or disambiguate"). Thus, the court will convert the defendant's motion to dismiss into a motion for summary judgment.

The Civil Local Rules provide that in litigation involving a pro se party where matters outside the pleadings are presented to the court in conjunction with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the procedure set forth in Civil L. R. 56(a)(1) applies. Civil L. R. 12 (E.D. Wis.). The defendant complied with the applicable rule by providing the plaintiff with the required "short and plain statement that any factual assertion in the movant's affidavit, declaration, or other admissible documentary evidence will be accepted by the Court as being true unless the party unrepresented by counsel submits the party's own affidavit, declaration, or other admissible documentary evidence contradicting the factual assertions." Civil L. R. 56(a)(1)(A). The defendant also provided the plaintiff with a copy of Fed. R. Civ. P. 12 and 56, and Civil L. R. 7 and 56.

3. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

4. Analysis

    4.1 State Law Claim

Wisconsin and Arkansas are compacting states under the ICAOS. Wis. Stat. § 304.16; Ark. Code Ann. 12-51-101. The compact provides a framework for the supervision of adult offenders authorized to travel across

state lines, "in such a manner as to enable each compacting state to track the location of offenders, transfer supervision authority in an orderly and efficient manner, and, when necessary, return offenders to their original jurisdictions." *See* Wis. Stat. § 304.16(1)(a). The ICAOS, among other things, creates an interstate commission "to establish uniform procedures to manage the movement between states of adults placed under community supervision and released to the community under the jurisdiction of courts, paroling authorities, or corrections or other criminal justice agencies and that will promulgate rules to achieve the purpose of this compact." Wis. Stat. § 304.16(1)(b)(1.). All rules and bylaws promulgated by the interstate commission are binding upon the compacting states, Wis. Stat. § 304.16(14)(b), and all compacting state laws conflicting with the ICAOS are superseded to the extent of a conflict, Wis. Stat. § 304.16(14)(a)(2.).

The ICAOS Rules[1] require receiving states to notify sending states of significant violations of conditions of supervision within thirty calendar days of discovery of the violation. Rule 4.109(a). Once the sending state is notified of a violation, it is required to respond to the violation report within ten business days. Rule 4.109(c)(1). The response by the sending state is required to inform the receiving state of what action they want the receiving state to take. Rule 4.109(c)(2). While this process takes place, the ICAOS Rules allow the receiving state to detain the parolee. *See* Rule 4.109-1. Following the notification process, if a parolee is subject to retaking for violations of conditions of supervision that may result a revocation, the parolee is entitled to a preliminary hearing near the place of the alleged violation. Rule 5.108(a).

---

[1] The ICAOS Rules are available at http://www.interstatecompact.org.

The complaint alleges that the defendant violated Wis. Stat. § 302.335 by not providing the plaintiff with a preliminary hearing or notice of extension within twenty-one days. However, as described above, the terms of the ICAOS provide for more time than allowed under Wis. Stat. § 302.335. Because the ICAOS supersedes any conflicting state law, the plaintiff does not state a claim based on violation of Wis. Stat. § 302.335.

4.2     Constitutional Claim

An individual on parole has a protected liberty interest associated with his status as a parolee. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). As a result, parole may not be revoked without providing the parolee due process of law. *Id.* Persons detained because of suspected parole violations are entitled to two separate hearings under the due process clause of the Fourteenth Amendment: a preliminary hearing soon after the individual's initial detention; and a hearing before a final decision is made on revocation. *Id.* The purpose of the preliminary hearing is "to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." *Id.* at 485. The hearing must occur "as promptly as convenient after arrest" and "someone not directly involved in the case" must make the probable cause determination. *Id.*

The defendant contends that a preliminary hearing was not required because the plaintiff admitted to committing acts that violated conditions of his parole in his April 29, 2011 statement, citing *Calmese v. Leffler*, Case No. 04-C-946-C, 2005 WL 3272048 *3 (W.D. Wis. Nov. 30, 2005) and *United States v. Holland*, 850 F.2d 1048, 1050-51 (5th Cir. 1988). The plaintiff, while not denying that the statement admits parole violations, avers that the statement is "made up and not true." (Washington Aff. at 1.) He further avers that the

statement "therefore should be considered as insufficient since the defendant lied to get the plaintiff to give a statement about something he did not do on April 24, 2011." (Washington Aff. at 2.) The plaintiff also avers:

> Due to the circumstances, I was left unaware to the way the defendant handled my violation because I wasn't rendered any copies of the statement or the violation report. And that is what led me to believe I was in substantial compliance. I also would like for the courts or the defendant's attorney to review the way the defendant proceeded with the violation process. As a parolee, I believe I have the right to know how my violation is being handled. I did not give the defendant permission to write this statement but was lied to because Agent Byron Neal said I would be released upon giving a statement.

*Id.*

In this case, the defendant's reliance on *Holland* is misplaced because the plaintiff challenges the circumstances surrounding the statement and the truth of it. While the *Holland* court stated that, "[w]hen it is determined that a person charged with a probation violation admits the violation charged, the procedural safeguards announced in *Morrissey v. Brewer* [ ], are unnecessary," the court went on to say, "even a probationer who admits the allegations against him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation." *Holland*, 850 F.2d at 1051) (internal citations omitted). *See also, Morrissey*, 408 U.S. at 490 ("[i]f it is determined that petitioners admitted parole violations to the Parole Board, as respondents contend, *and if those violations are found to be reasonable grounds for revoking parole under state standards*, that would end the matter") (emphasis added); *Starnes v. Markley*, 343 F.2d 535 (7th Cir. 1965) (failure to hold preliminary interview did not violate rights of parole violator, where he admitted he violated parole and his witnesses at such a hearing would have

offered mitigating circumstances but would not have controverted violation of parole).

Here, the plaintiff has raised a factual dispute as to whether he violated the terms of his parole. Thus, granting summary judgment at this stage of the proceedings would be premature. The record should be more fully developed and the court will grant the defendant's request to file a complete motion for summary judgment on the merits. (*See* Defs.' Br. at 7 n.3.)

Based on the foregoing, the defendant's motion for summary judgment as to the plaintiff's state law claim will be granted. The court will deny summary judgment as to the plaintiff's due process claim. A Scheduling Order will be issued promptly.

IT IS ORDERED that the defendant's motion to dismiss (Docket #15) be and same is hereby GRANTED in part and DENIED in part as described herein.

Dated at Milwaukee, Wisconsin, this 23rd day of April, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge